IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-03217-WJM-SKC

DAVID A. WISMER III,

Plaintiff,

v.

MOSES 'ANDRE' STANCIL, in his official capacity, as the Executive Director of the Colorado
Department of Corrections;
MARK FAIRBAIRN, in his official capacity as Warden of the Arkansas Valley Correctional
Facility;
KENNETH PARKER, in his official capacity as Plaintiff's case manager at Arkansas Valley
Correctional Facility;
AMANDA RETTING, in her official capacity as the Administrator of the Sex Offender
Treatment and Monitoring Program;

Defendants.

---

**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT (ECF
NO. 30)**

---

Defendants, through their counsel, the Colorado Attorney General, submit the following

Answer to Plaintiff's Second Amended Complaint (ECF No. 30).

## I.    INTRODUCTION

1.      Defendants admit that on June 28, 2018, Plaintiff David Wismer pleaded guilty in

El Paso County District Court case no. 2017CR02130 to a class four felony sex offense pursuant

to the Colorado Sex Offender Lifetime Supervision Act of 1998 (SOLSA or the 1998 Act).

Defendants state that SOLSA is a statute that speaks for itself and, as such, no response is

required for the allegations characterizing the statute. To the extent a response is deemed

necessary, and to the extent Paragraph 1 is not consistent with SOLSA, Defendants deny the remaining allegations in Paragraph 1.

2.      Defendants admit that Mr. Wismer was sentenced to sex offender intensive supervised probation (SOISP) for an indeterminate term of ten years to life. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 2 and, on that basis, deny the allegations.

3.      Admitted.

4.      Defendants are without sufficient information to admit or deny the allegations in Paragraph 4 and, on that basis, deny the allegations.

5.      Defendants are without sufficient information to admit or deny the allegations in Paragraph 5 and, on that basis, deny the allegations.

6.      Defendants are without sufficient information to admit or deny the allegations in Paragraph 6 and, on that basis, deny the allegations.

7.      Defendants are without sufficient information to admit or deny the allegations in Paragraph 7 and, on that basis, deny the allegations.

8.      Defendants are without sufficient information to admit or deny the allegations in Paragraph 8 and, on that basis, deny the allegations.

9.      Defendants are without sufficient information to admit or deny the allegations in Paragraph 9 and, on that basis, deny the allegations.

10.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 10 and, on that basis, deny the allegations.

11.     Defendants admit that on May 18, 2020, Mr. Wismer's probation sentence was revoked and he was resentenced to an indeterminate prison term of four years to life. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 11 and, on that basis, deny the allegations.

12.     Defendants admit that, as of the date of this filing, Mr. Wismer is incarcerated in AVCF. Defendants affirmatively state that Mr. Wismer was transported from the El Paso County Jail to CDOC's Centennial Correctional Facility (CCF) on or about June 24, 2020; to CDOC's Denver Reception and Diagnostic Center (DRDC) on or about July 23, 2020; to CCF on or about September 24, 2020; and to Arkansas Valley Correctional Facility (AVCF) on or about September 28, 2020. Except as expressly admitted in this paragraph, Defendants deny the allegations in Paragraph 12.

13.     Defendants admit that, on or about March 15, 2021, the sentencing court reduced Mr. Wismer's sentence to an indeterminate term of three years to life. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 13 and, on that basis, deny the allegations.

14.     Defendants state that SOLSA is a statute that speaks for itself and, as such, no response is required for the allegations characterizing the statute. To the extent a response is deemed necessary, and to the extent Paragraph 14 is not consistent with SOLSA, Defendants deny the allegations in Paragraph 14.

15.     Defendants state that SOLSA is a statute that speaks for itself and, as such, no response is required for the allegations characterizing the statute. To the extent a response is

deemed necessary, and to the extent Paragraph 15 is not consistent with SOLSA, Defendants

deny the allegations in Paragraph 15.

16.    Defendants admit that, pursuant to CDOC regulations, an inmate may become

eligible to receive sex offender treatment up to four years before their parole eligibility date

(PED). Defendants deny that Mr. Wismer's PED was May 23, 2022 and affirmatively state that

his PED was June 3, 2022. Except as expressly admitted in this paragraph, Defendants deny the

allegations in Paragraph 16.

17.    Defendants admit that Mr. Wismer was sentenced to an indeterminate prison term

of four years to life on May 18, 2020. Defendants further admit that Mr. Wismer completed an

SOTMP Participation Assessment Form on August 13, 2020, and that as of that date he

minimally met criteria for treatment. Except as expressly admitted in this paragraph, Defendants

deny the allegations in Paragraph 17.

18.    Defendants admit that inmates deemed eligible for treatment are placed on the

Global Referral List (GRL). Except as expressly admitted in this paragraph, Defendants deny the

allegations in Paragraph 18.

19.    Defendants admit that Mr. Wismer is on the GRL and has not yet been placed in

SOTMP. Except as expressly admitted in this paragraph, Defendants deny the allegations in

Paragraph 19.

20.    Defendants are without sufficient information to admit or deny the allegations in

Paragraph 20 and, on that basis, deny the allegations.

21.    Defendants are without sufficient information to admit or deny the allegations in

Paragraph 21 and, on that basis, deny the allegations.

22.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 22 and, on that basis, deny the allegations.

23.     Defendants admit that Mr. Wismer remains incarcerated at AVCF as of the date of this filing. Except as expressly admitted in this paragraph, Defendants deny the allegations in Paragraph 23.

24.     Defendants admit that they have not transferred Mr. Wismer to a different facility. Defendants deny that they "know that AVCF does not provide treatment" and affirmatively state that AVCF provides SOTMP to some individuals incarcerated at AVCF. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 24 and, on that basis, deny the allegations.

25.     Defendants admit that Mr. Wismer attended a parole hearing in April 2022 in advance of his PED in June 2022. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 25 and, on that basis, deny the allegations.

26.     Defendants admit that the parole board denied Mr. Wismer parole, and that Mr. Wismer's Notice of Colorado Parole Board Action stated as a reason for deferral: "Was terminated from community treatment, not currently in treatment." Except as expressly admitted in this paragraph, Defendants deny the allegations in Paragraph 26.

27.     Defendants admit that Mr. Wismer attended a parole hearing in April 2023. Defendants further admit that the parole board denied Mr. Wismer parole for multiple reasons, including risk considerations such as concerns for public safety and insufficient treatment. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 27 and, on that basis, deny the allegations.

28.     Defendants admit that Mr. Wismer's next parole hearing is in April 2024. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 28 and, on that basis, deny the allegations.

29.     Defendants admit that CDOC has not yet enrolled Mr. Wismer in SOTMP, and they deny that they have not moved him to a CDOC facility that offers SOTMP treatment. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 29 and, on that basis, deny the allegations.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

## II.  JURISDICTION AND VENUE

34.     Defendants admit that Mr. Wismer purports to invoke the jurisdiction of the Court pursuant to the constitutional and statutory authority cited in Paragraph 34. Whether Mr. Wismer has properly invoked that jurisdiction is a legal question for which no response is required. Except as expressly admitted in this paragraph, Defendants deny the allegations in Paragraph 34.

35.     Defendants admit that venue is proper in the United States District Court for the District of Colorado.

36.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 36 and, on that basis, deny the allegations.

### III. PARTIES

37.     Defendants admit that, at all relevant times, Mr. Wismer was a resident of and domiciled in the State of Colorado. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 37 and, on that basis, deny the allegations.

38.     Admitted.

39.     Admitted.

40.     Admitted.

41.     Defendants admit that Amanda Retting is the program administrator for the SOTMP and that she is a citizen of the United States, a resident of and domiciled in the State of Colorado, and is acting under color of state law. Except as expressly admitted in this paragraph, Defendants deny the allegations in Paragraph 41.

### IV. FACTUAL ALLEGATIONS

***Sex Offender Treatment for Individuals Sentenced under the 1998 Act and CDOC's Global Referral List***

42.     Defendants state that SOLSA is a statute that speaks for itself and, as such, no response is required for the allegations characterizing the statute. To the extent a response is deemed necessary, and to the extent Paragraph 42 is not consistent with SOLSA, Defendants deny the allegations in Paragraph 42.

43.     Defendants state that SOLSA is a statute that speaks for itself and, as such, no response is required for the allegations characterizing the statute. To the extent a response is deemed necessary, and to the extent Paragraph 43 is not consistent with SOLSA, Defendants deny the allegations in Paragraph 43.

44.     Defendants state that SOLSA is a statute that speaks for itself and, as such, no response is required for the allegations characterizing the statute. To the extent a response is deemed necessary, and to the extent Paragraph 44 is not consistent with SOLSA, Defendants deny the allegations in Paragraph 44.

45.     Admitted.

46.     Defendants admit that the SOTMP is only offered at certain CDOC facilities. Defendants deny that CDOC limits the number of inmates who can participate in SOTMP, and they affirmatively state that Sex Offender Management Board (SOMB) standards limit the number of inmates who may participate in a single SOTMP group. Defendants deny that SOTMP is only offered at Fremont Correctional Facility (FCF). Defendants affirmatively state that SOTMP Track I is offered at FCF, AVCF, Colorado Territorial Correctional Facility (CTCF), San Carlos Correctional Facility (SCCF), Denver Women's Correctional Facility (DWCF), the Youthful Offender System (YOS), and DRDC; SOTMP Track II is offered at CCF, CTCF, SCCF, DWCF, and YOS. *See* Lifetime Supervision of Sex Offenders Annual Report (Nov. 1, 2023), at 9-11.[1]

47.     Defendants admit that, as of June 30, 2023, 2,710 offenders were under CDOC supervision for sex offense convictions pursuant to SOLSA, and that 407 of those offenders were incarcerated at FCF. *See id.*, at 3-4. Defendants deny the remaining allegations in Paragraph 47. Defendants affirmatively state that, of the 2,710 offenders under CDOC supervision pursuant to

---

[1] Available at
https://www.courts.state.co.us/userfiles/file/Administration/Probation/LifetimeReport/FY2023-Lifetime-Supervision-of-Sex-Offenders-Annual-Report-FINAL.pdf.

SOLSA, 1,262 were in state prisons (including the eight facilities that offer SOTMP), 389 were in

private prisons, 1,049 were on parole, and 10 were in community corrections or jail backlog. *See*

*id.*

48.    Defendants admit that Mr. Wismer is not housed at FCF. Except as expressly

admitted in this paragraph, Defendants deny the allegations in Paragraph 48.

49.    Denied.

50.    Defendants are without sufficient information to admit or deny the allegations in

Paragraph 50 and, on that basis, deny the allegations.

51.    Denied. SOMB standards limit the availability of tele-health sex offender

treatment, and under some circumstances CDOC provides inmates the opportunity to use tele-

health or to contract with private treatment providers to receive sex offender treatment, subject to

SOMB standards and facility safety and security measures.

52.    Defendants admit that Mr. Wismer has asked to be able to use tele-health and hire

a private treatment provider. Defendants further admit that Mr. Wismer is not presently able to

use tele-health to receive sex offender treatment. Defendants affirmatively state that they have

provided Mr. Wismer direction on the appropriate form to use to request approval of private

treatment. Except as expressly admitted in this paragraph, Defendants deny the allegations in

Paragraph 52.

53.    Administrative Regulation (AR) 700-19 is a regulation that speaks for itself and,

as such, no response is required for the allegations characterizing the regulation. To the extent a

response is deemed necessary, and to the extent Paragraph 53 is not consistent with AR 700-19,

Defendants deny the allegations in Paragraph 53.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Defendants are without sufficient information to admit or deny the allegations in

Paragraph 57 and, on that basis, deny the allegations.

58.    Defendants are without sufficient information to admit or deny the allegations in

Paragraph 58 and, on that basis, deny the allegations.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Defendants admit that certain information concerning the GRL is subject to

Colorado Open Records Act ("CORA") requests. Except as expressly admitted in this paragraph,

Defendants deny the allegations in Paragraph 69.

70.    Defendants are without sufficient information to admit or deny the allegations in

Paragraph 70 and, on that basis, deny the allegations.

71.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 71 and, on that basis, deny the allegations.

72.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 72 and, on that basis, deny the allegations.

73.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 73 and, on that basis, deny the allegations.

74.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 74 and, on that basis, deny the allegations.

75.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 75 and, on that basis, deny the allegations.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Admitted.

81.     Denied.

82.     Denied.

***Mr. Wismer's Community Based Treatment and Efforts to Gain Access to the SOTMP***

83.     Admitted.

84.     Defendants are without sufficient information to admit or deny the allegations in Paragraph 84 and, on that basis, deny the allegations.

85.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 85 and, on that basis, deny the allegations.

86.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 86 and, on that basis, deny the allegations.

87.    Defendants admit that Mr. Wismer's SOISP sentence was revoked and he was resentenced to an indeterminate prison term of four years to life. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 87 and, on that basis, deny the allegations.

88.    Defendants admit that Mr. Wismer was in custody in El Paso County Jail processed through CCF and DRDC, and ultimately was transported to AVCF. Except as expressly admitted in this paragraph, Defendants deny the allegations in Paragraph 88.

89.    Defendants admit that Mr. Wismer was determined to minimally meet eligibility criteria for SOTMP and was classified as 5R on or about August 13, 2020. Except as expressly admitted in this paragraph, Defendants deny the allegations in Paragraph 89.

90.    Defendants admit that Mr. Wismer was placed on the GRL after he was determined to meet eligibility criteria for the SOTMP, on or about August 13, 2020. Except as expressly admitted in this paragraph, Defendants deny the allegations in Paragraph 90.

91.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 91 and, on that basis, deny the allegations.

92.    Defendants admit that Mr. Wismer met eligibility criteria and was placed on the GRL on or about August 13, 2020, and that Mr. Wismer became eligible for parole on June 3,

2022. Defendants further admit that Mr. Wismer has not yet ben enrolled in the SOTMP. Except as expressly admitted in this paragraph, Defendants deny the allegations in Paragraph 92.

93.    Defendants admit that, on or about March 15, 2021, the sentencing court reduced Mr. Wismer's sentence to an indeterminate term of three years to life. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 93 and, on that basis, deny the allegations.

94.    Defendants deny that Mr. Wismer became parole eligible in May of 2022 and affirmatively state that CDOC records reflect Mr. Wismer's PED was June 3, 2022. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 94 and, on that basis, deny the allegations.

95.    Defendants admit that on or about February 9, 2022, a CDOC staff member sent Mr. Wismer a response to a kite addressing his options with respect to attending or waiving his upcoming parole hearing and providing him with a parole application form, waiver form, and AR Form 700-21 as requested. Defendants state that the text of the response speaks for itself and, as such, no response is required for the allegations characterizing the response to the kite. To the extent a response is deemed necessary, and to the extent Paragraph 95 is not consistent with the response to the kite, Defendants deny the allegations in Paragraph 95. Defendants deny that Defendant Parker sent the response or otherwise provided Mr. Wismer the explanation described in Paragraph 95. Except as expressly admitted in this paragraph, Defendants deny the allegations in Paragraph 95.

96.    Defendants admit that Mr. Wismer attended a parole hearing on or about April 14, 2022. Defendants deny the remaining allegations in paragraph 96.

97.     Defendants are without sufficient information to admit or deny the allegations in
Paragraph 97 and, on that basis, deny the allegations.

98.     Defendants admit that, on or about April 14, 2022, the parole board deferred Mr.
Wismer's consideration for parole for one year, and that Mr. Wismer's Notice of Colorado
Parole Board Action stated as a reason for deferral: "Was terminated from community treatment,
not currently in treatment." Defendants are without sufficient information to admit or deny the
remaining allegations in Paragraph 98 and, on that basis, deny the allegations.

99.     Defendants admit that Mr. Wismer attended a parole hearing on or about April 13,
2023, and that the parole board denied Mr. Wismer parole for multiple reasons, including risk
considerations such as concerns for public safety and insufficient treatment. Defendants deny the
remaining allegations in Paragraph 99.

100.    Defendants admit that Mr. Wismer's next parole hearing is scheduled for April
2024. Defendants are without sufficient information to admit or deny the remaining allegations
in Paragraph 100 and, on that basis, deny the allegations.

101.    Defendants admit that Mr. Wismer submitted a Step I grievance on August 19,
2022 requesting that CDOC advance his parole hearing date immediately to consider his prior
sex offender treatment in its parole decision, and demanding that he be placed in telehealth
treatment. Defendants affirmatively state that Alison Talley responded to Mr. Wismer's
grievance on August 30, 2022. Except as expressly admitted in this paragraph, Defendants deny
the allegations in Paragraph 101.

102.    Defendants admit that Mr. Wismer submitted a Step II grievance, which appears
to have been dated September 13, 2022 and dated as received by CDOC staff October 11, 2022,

requesting that CDOC advance his parole hearing date immediately to consider his prior sex offender treatment in its parole decision, and demanding that he be placed in telehealth treatment. Defendants affirmatively state that Alison Talley responded to Mr. Wismer's grievance on October 14, 2022. Except as expressly admitted in this paragraph, Defendants deny the allegations in Paragraph 102.

103.    Defendants admit that Mr. Wismer submitted a Step III grievance, which appears to have been dated October 19, 2022 and dated as received by CDOC staff October 10, 2022, requesting that CDOC advance his parole hearing date immediately to consider his prior sex offender treatment in its parole decision, and demanding that he be placed in telehealth treatment. Except as expressly admitted in this paragraph, Defendants deny the allegations in Paragraph 103.

104.    Defendants state that the text of Mr. Wismer's Step I grievance response speaks for itself and, as such, no response is required for the allegations characterizing the response to the Step I grievance. To the extent a response is deemed necessary, and to the extent Paragraph 104 is not consistent with the response to the grievance, Defendants deny the allegations in Paragraph 104. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 104 and, on that basis, deny the allegations.

105.    Defendants state that the text of Mr. Wismer's Step I grievance response speaks for itself and, as such, no response is required for the allegations characterizing the response to the Step I grievance. To the extent a response is deemed necessary, and to the extent Paragraph 105 is not consistent with the response to the grievance, Defendants deny the allegations in Paragraph 105.

106.    Defendants are without sufficient information to admit or deny the allegations in Paragraph 106 and, on that basis, deny the allegations.

107.    Defendants admit that they do not grant requests for a facility transfer to change an inmate's prioritization on the GRL, because facility placement is not a factor in determining an inmate's prioritization on the GRL or placement in the SOTMP. Defendants affirmatively state that if an inmate at or near the top of the GRL who is not already located in the facility where they will participate in the SOTMP, they will be transferred to the facility where they will receive treatment before their treatment group begins. Except as expressly admitted in this paragraph, Defendants deny the allegations in Paragraph 107.

108.    Defendants admit that under the 1998 Act there is no obligation for an inmate to request a facility transfer in order to receive treatment, and they affirmatively state that facility placement is not a factor in determining an inmate's prioritization on the GRL or placement in the SOTMP. Except as expressly admitted in this paragraph, Defendants deny the allegations in Paragraph 108.

109.    Denied. AR 900-17 does not exist.

110.    Defendants admit that requesting a transfer to another facility will not affect Mr. Wismer's prioritization on the GRL or otherwise make the SOTMP available to him, that Defendants do not grant transfers for purposes of improving an inmate's prioritization, and that facility placement and transfers are not relevant considerations for purposes of treatment prioritization. Defendants are without sufficient information to admit or deny what Mr. Wismer has been advised of and, on that basis, deny such allegations. Except as expressly admitted in this paragraph, Defendants deny the allegations in Paragraph 110.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied. Defendants specifically deny that Mr. Wismer has moved "backwards on
the GRL and now into a status of 'unknown.'" Defendants are without sufficient information to
admit or deny what "explanation or rationale" Mr. Wismer has received concerning AR 700-19
and, on that basis, deny the allegations.

115.    Denied.

***Other Circumstances Relevant to Participation in the SOTMP***

116.    Defendants admit that Mr. Wismer presently meets the treatment participation
requirements for the SOTMP. Defendants are without sufficient information to admit or deny
whether Mr. Wismer has met treatment participation requirements "[a]t all times relevant to this
action," and, on that basis, deny the allegations. Except as expressly admitted in this paragraph,
Defendants deny the allegations in Paragraph 116.

117.    Denied. Defendants specifically deny that Mr. Wismer is entitled to notice, an
opportunity to be heard, or a meaningful periodic review regarding his placement on the GRL,
the treatment prioritization assigned to him, and they deny that they or CDOC are refusing to
provide Mr. Wismer access to the SOTMP.

118.    Defendants admit that they have the authority and ability to provide Mr. Wismer
with an opportunity to participate in the SOTMP when he reaches the top of the GRL and the
next SOTMP group of the appropriate track for Mr. Wismer begins. Except as expressly
admitted in this paragraph, Defendants deny the allegations in Paragraph 118.

119.    Denied.

120.    Defendants' obligations and legal duties under the 1998 are a question of law for which no response is required. To the extent a response is deemed necessary, Defendants deny the allegations in Paragraph 120 concerning their obligations and legal duties under the 1998 Act. Defendants deny that their management and implementation of AR 700-19 deprives Mr. Wismer of treatment to which he is entitled.

121.    Denied.

122.    Denied.

123.    Defendants deny that they are refusing Mr. Wismer access to the SOTMP and other SOMB-approved providers. Defendants are without sufficient information to admit or deny whether Mr. Wismer could have successfully progressed in treatment prior to his parole hearings in April of 2022 or 2023, or whether any such progression would have allowed the Parole Board to fully consider his application for release and, on that basis, deny the allegations. Defendants admit that the parole board is not required to release Mr. Wismer after his parole hearing. Defendants affirmatively deny that they are denying Mr. Wismer due process. Except as expressly admitted in this paragraph, Defendants deny the allegations in Paragraph 123.

124.    Defendants deny that they or CDOC is refusing Mr. Wismer access to the SOTMP or other SOMB-approved providers. Defendants are without sufficient information to admit or deny whether Mr. Wismer can progress through treatment such that he could be parole eligible prior to his next parole hearing in April of 2024.

125.    Denied.

126.    Denied.

127.    Denied.

## V.   CLAIMS

### FIRST CLAIM FOR RELIEF

**42 U.S.C. § 1983 – Fourteenth Amendment Violation Procedural Due Process**

**(Injunctive and Declaratory Relief Against All Defendants in Their Official Capacities)**

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

### SECOND CLAIM FOR RELIEF

**42 U.S.C. § 1983 – Fourteenth Amendment Violation Substantive Due Process**

**(Injunctive and Declaratory Relief Against All Defendants in Their Official Capacities)**

135.    Denied.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

## VI.   PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the requested relief.

### GENERAL DENIAL

Defendants deny each and every allegation contained within Plaintiff's Second Amended Complaint (ECF No. 30) unless expressly admitted herein.

### AFFIRMATIVE DEFENSES

1.      Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2.      Plaintiff's claims are limited or barred by sovereign immunity pursuant to the Eleventh Amendment, as well as absolute, limited or qualified immunity.

3.      Defendants affirmatively assert that Plaintiff's federal and state rights were not violated and that Plaintiff has been afforded all the rights, privileges and immunities granted by the United States Constitution and Colorado law.

4.      Defendants affirmatively assert that they followed the regulations and procedures established by the CDOC and the laws passed by the Colorado State legislature, in regard to the claims at issue.

5.      The Defendants' actions, applicable CDOC regulations and state laws are supported by legitimate penological interests, goals and objectives.

6.      The Defendants' actions, applicable CDOC regulations and state laws are supported by compelling interests, goals and objectives, and constitute the least restrictive means of effectuating those interests, goals and objectives.

7.    Plaintiff's claims may be barred in whole or in part by the Prison Litigation

Reform Act, including, but not limited to, the exhaustion requirements of the Prison Litigation

Reform Act.

8.    Plaintiff's claims may be barred in whole or in part by the applicable statute(s) of

limitations.

9.    Plaintiff's claims may be barred in whole or in part by the doctrines of collateral

estoppel and res judicata.

10.    Plaintiff is not entitled to the relief being sought or claimed in the Complaint

under the legal theories therein asserted.

11.    Plaintiff has failed to mitigate his damages, if any.

**JURY DEMAND**

Defendants hereby demand the right to a trial by jury.

Respectfully submitted this 19th day of January, 2024.

PHILIP J. WEISER
Attorney General
*s/ Ann Stanton*
_____
ANN STANTON*
Assistant Attorney(s) General
Civil Litigation & Employment Section
Attorneys for Defendants
1300 Broadway, 10th Floor
Denver, CO 80203
Telephone: (720) 508-6600
FAX: (720) 508-6032
Email: ann.stanton@coag.gov
*Counsel of Record

**CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of January, 2024, I electronically filed the foregoing

Answer with the Clerk of Court using the CM/ECF system and/or placed the same in the US

Mail First Class addressed to the following addresses:

Kelly L. Page                          *Courtesy Copy:*
David M. Beller                        Adrienne Sanchez, CDOC
RECHT KORNFELD, P.C.                   Anthony DeCesaro, CDOC
1600 Stout Street, Suite 1400
Denver, CO 80202
kelly@rklawpc.com
david@rklawpc.com
*Attorneys for Plaintiff*


*s/ James Mules*
_____